UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA HINTON,

        Plaintiff,

v.                                                                              Case Number: 11-12220
                                                                                HON. MARIANNE O. BATTANI
DEUTSCHE BANK NATIONAL TRUST CO.,

        Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
### *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

This matter is before the Court on Plaintiff Veronica Hinton's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiff's application and Complaint. In her Complaint, Plaintiff alleges Defendant acquired her property through fraud. For the reasons that follow, Plaintiff's application is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** without prejudice.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who makes an affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir. 1988).

Plaintiff's claim of indigence is supported by her application. See Phipps v. King, 866 F.2d 824, 825 (6th Cir. 1988); Foster v. United States, 344 F.2d 698, 699-700 (6th Cir. 1965) (per curiam). Based on her affidavit, the Court concludes that paying the filing fee

is beyond Plaintiff's means. Consequently, the Court grants Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

Even if a plaintiff establishes indigence, the screening mandated by Congress in § 1915(e)(2) includes the obligation to dismiss a civil complaint if it "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii). Title 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff claims that Defendant Deutsche Bank "faxed a fraudulent affidavit to a personal line of a judge['s] courtroom as proof of ownership, has given the register of deeds fraudulent paperwork, and has acquired [Plaintiff's] property from MERS." (Doc. No. 1.) When she filed her Complaint, Plaintiff also filed a Motion for Injunction of Writ of Restitution and Monies in Escrow Because of Fraud, in which she asserts that Defendant has received property based on a fraudulent affidavit. (See Doc. No. 3.)

The Court is mindful that a *pro se* litigant's complaint is to be construed liberally, Jourdan v. Jabe, 951 F.2d 108, 100 (6th Cir. 1991), and is held to "less stringent standards" than a complaint drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, a pro se complaint still must plead facts sufficient to show a redressable legal wrong has been committed. FED. R. CIV. P. 12(b); Wells v. Brown, 891 F.2d 591, 594 (6th

Cir.1989); Dekoven v. Bell, 140 F. Supp.2d 748, 755 (E.D. Mich. 2001).  It must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

Here, the Court finds Plaintiff's Complaint fails to meet the pleading requirements of Rule 9(b).  It does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Even with the most liberal reading of a complaint, at a minimum, Rule 9 requires allegations of the time, place and contents of the allegedly fraudulent misrepresentations. See Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984). Because the Complaint contains no allegations as to the contents of any misrepresentations upon which Plaintiff may have relied, it falls short of pleading with particularity required by the procedural rules and fails to state a fraud claim for which relief may be granted.

Accordingly, Plaintiff's Application to proceed *in forma pauperis* is **GRANTED**; this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

**IT IS SO ORDERED.**

        s/Marianne O. Battani  
        MARIANNE O. BATTANI  
        UNITED STATES DISTRICT JUDGE

DATED: May 23, 2011

3

## CERTIFICATE OF SERVICE

    A Copy of this Order was served upon  Veronica Hinton on this date by ordinary U. S. Mail.

                                        <u>s/Marianne O. Battani</u>
                                        Case Manager